IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| IVERY T. WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:12cv4 |
| FEDERAL DISTRICT COURT | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

  The Petitioner Ivery Williams, proceeding *pro se*, filed this application for the writ of habeas corpus complaining that he was denied access to court in a prior habeas petition which he filed. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

  In the present petition, Williams complains that a previous application for the writ of habeas corpus which he filed was dismissed under the Anti-Terrorism and Effective Death Penalty Act of 1996, which Williams says "has been shown to be contrary to Supreme Court law." He says that the AEDPA does not provide that parole claims can be time-barred under the statute of limitations and that in his prior case, the Magistrate Judge abused her discretion in dismissing his claims as successive. He argues that the facts will show that he was "only trying to get reviewed, claims which had been dismissed in previous applications and not adjudicated on the merits."

  Williams also complained that his sentences were improperly stacked for a number of years and that TDCJ refused to correct the problem until a parole counsel named Ashton forced them to. He says that the Supreme Court has held that Congress violated the Suspension Clause when it barred courts from hearing habeas corpus petitions and that the AEDPA is "void as repugnant to the

Constitution." Finally, Williams argued that the federal and state judges "committed treason" by denying him access to court without jurisdiction to do so, that the Court failed to give "individualized consideration" to his claims, and that the Court lost subject matter jurisdiction by failing to follow the law.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Williams' petition be denied. The Magistrate Judge stated first that the purpose of habeas corpus is to grant relief from unlawful custody, and the present petition does not complain about unlawful custody, but instead complains of the propriety of the adjudication of a previous case which Williams had filed. The sole relief sought in the petition is that the Court "grant petitioner to file his habeas corpus application in this court and have it reviewed on the merits of its claims." The Magistrate Judge stated that this is not a proper subject for habeas corpus relief.

In addition, the Magistrate Judge stated that the Fifth Circuit has held that challenges to the revocation of parole are governed by the limitations period of the AEDPA, contrary to Williams' claim that the statute of limitations applies only to challenges to convictions. The Magistrate Judge also rejected Williams' contention that the prohibition against second or successive petitions did not apply, because the claims which Williams raised in his prior petition were or could have been raised in earlier federal habeas petitions which Williams had filed. Court records show that Williams has filed three previous petitions challenging the denial of parole or mandatory supervision, and that he had sought leave from the Fifth Circuit to file a successive petition, which was denied.

Finally, the Magistrate Judge observed that the constitutionality of the AEDPA has been upheld numerous times, and that Williams' claim that the state and federal judges committed treason, that the Court failed to give "individualized consideration" to his claims, and that the Court lost subject matter jurisdiction by failing to follow the law were "patently meritless." The Magistrate Judge thus recommended that the petition be dismissed and that Williams be denied a certificate of appealability.

Williams filed objections to the Report of the Magistrate Judge on March 27, 2012. In his objections, Williams cites the First Amendment and says that the Magistrate Judge violated Supreme Court law as set out in Williams v. Taylor, 529 U.S. 362 (2000) and Hill v. Johnson, 210 F.3d 481 (5th Cir. 2000). In Williams, the Supreme Court determined that the Virginia Supreme Court applied an incorrect standard in adjudicating the petitioner's claim that he had received ineffective assistance of counsel in a criminal trial. The Court noted that the AEDPA limits issuance of a writ of habeas corpus to circumstances in which the state court adjudication resulted in a decision that was clearly contrary to or involved an unreasonable application of established federal law, as determined by the Supreme Court. Williams has failed to show that this decision has any applicability to the present case.

Hill was a denial by the Fifth Circuit of a request for a certificate of appealability. That case also discussed the statutory standard requiring the showing that a state court had unreasonably applied established federal law. As with the Williams decision, Hill has no applicability in the present case.

Next, Williams asserts that he was denied equal protection, because he should have the same opportunity for appellate review. He asks whether his limitations period starts after each time he is denied, and whether he has a right to challenge the flawed parole board procedures. Williams has failed to show that the present case involves a denial of equal protection, and has not shown that similarly situated persons were treated differently. The questions he poses may have been pertinent to the prior proceeding but are not relevant to the present one, which involves a challenge to a prior adjudication cloaked in the form of a habeas corpus petition. This objection is without merit.

Third, Williams argues that the writ of habeas corpus may not be suspended and says that the right of appeal must be kept open. The Fifth Circuit and the Supreme Court have held that the statute of limitations and the barring of successive petitions do not violate the Suspension Clause. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000); Felker v. Turpin, 518 U.S. 651, 664 (1996). This objection is without merit.

Next, Williams cites Dotson v. Wilkinson, 329 F.3d 463 (6th Cir. 2000), *affirmed and remanded* Wilkinson v. Dotson, 544 U.S. 74 (2005), which he concedes is a civil rights case under 42 U.S.C. §1983 regarding the propriety of Ohio's parole statutes. This case held that inmates could challenge the constitutionality of state parole procedures through a Section 1983 lawsuit seeking declaratory and injunctive relief and were not required to seek relief exclusively through habeas corpus. Williams fails to show the relevance of this case; the Court notes that the Fifth Circuit has long held that where an inmate is challenging the procedures used by the Parole Board, rather than a single allegedly defective hearing, the lawsuit properly proceeds as a civil rights lawsuit rather than a petition for the writ of habeas corpus. Serio v. Members, Louisiana State Board of Pardons, 821 F.2d 1112, 1118 (5th Cir. 1987). Thus, Fifth Circuit precedent comports with the holding in Wilkinson. Williams' objection on this point is without merit.

Williams goes on to cite Dodd v. United States, 545 U.S. 353 (2005), in which the Supreme Court held that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. He has not shown that he is claiming the violation of a newly recognized right, and so Dodd is inapplicable. Williams' objection on this point is without merit.

Next, Williams complains that the AEDPA discriminates against him, saying that "this law only applies to the petitioner, where is denies petitioner his right to access to the court." Williams has not shown that the Anti-Terrorism and Effective Death Penalty Act applies only to him, nor that it denies him access to court. Rather, this law imposes reasonable restrictions on time limits in which to file and upon petitioners' rights to file multiple habeas corpus proceedings. *See* Defrene v. Brazoria County District Attorney's Office, 146 Fed.Appx. 715, 2005 WL 19533907 (5th Cir. 2005) (AEDPA does not deny access to court, violate separation of powers, or violate the Suspension Clause). Williams' objection on this point is without merit.

4

The remainder of Williams' objections essentially challenge the propriety of the dismissal of his prior habeas petition, rather than addressing the grounds for dismissing the present one. He says that his claims were not time-barred, he is entitled to equitable tolling, there are no courts in which he can challenge the Parole Board's decision, his time limits re-start each time he is denied parole, and the court is required to adjudicate his claims on the merits. None of these contentions offer any basis for setting aside the Report of the Magistrate Judge in the present case. Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Ivery Williams is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of May, 2012.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**